(174 App. Div. 191)

### In re PERKINS.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

EVIDENCE ⬳309—HEARSAY—RELATIONSHIP.

> Evidence of declarations as to pedigree is competent only if the declarant is proved, by evidence dehors his own declarations, to be a member of the family by blood or affinity, which the declarations are intended to affect.

> [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1162; Dec. Dig. ⬳309.]

Appeal from Order of Surrogate, New York County.

In the matter of the application of Jeremiah S. Perkins, attorney in fact, for an order directing the Comptroller of the City of New York to pay to the petitioner moneys deposited to the credit of the unknown next of kin of Rose Fitzpatrick.   From an order of the surrogate, affirming a report of the referee, directing payment of the deposit, the Comptroller appeals.   Reversed, and matter remitted to the surrogate for further proof.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Charles J. Nehrbas, of New York City, for appellant.

Junius Pendleton Wilson, of New York City (Harry Edwards, of New York City, of counsel), for respondent.

SMITH, J.   Rose Fitzpatrick died intestate in the city of New York on August 26, 1906.   Her estate is in the city treasury awaiting proof of ownership.   The parties who on this petition claim to be entitled allege themselves to be cousins of Rose Fitzpatrick four generations removed from their common ancestor, one Patrick Cassily. He had a son, John Cassily, who is the ancestor of the claimants, and a daughter, Jane, who, the petitioner asserts, is the ancestor of the decedent.   It is admitted that one Rose Donahue married John Fitzpatrick and was the mother of the decedent, and, to link the families together, the claimants assert that this Rose Donahue was the daughter of Jane Cassily and one Stephen Donahue.   It is at this point that the difficulty appears in the lack of competent evidence to prove that Jane Cassily married Stephen Donahue and had a daughter, Rose.

To prove this, two of the claimants testified that their mothers and grandmother had told them that Jane Cassily married a Stephen Donahue and had a child, Rose.   This testimony is incompetent under the rule laid down in the case of Aalholm v. People, 211 N. Y. 406, 105 N. E. 647, L. R. A. 1915D, 215, Ann. Cas. 1915C, 1039, to the effect that declarations are competent only in case the declarant is proved, by evidence dehors his own declarations, to be a member of the family by blood or affinity, which the declarations are "intended to affect," or "concerning which he speaks."   This condition is not met here.   The testimony of one Owen Cusack that he had heard that Jane Cassily had married a Stephen Donahue was pure hearsay, and incompetent. The testimony of a Mrs. Meehan that she had heard the decedent

say that she had cousins named Newman, the family name of some of the claimants, is too indefinite to be of any substantial value.

The proof, apart from the incompetent evidence, is clearly insufficient in law, and for the error in the admission of this ,evidence the judgment must be reversed, and the matter remitted to the surrogate for further proof, without costs. Order filed. All concur.